IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KIMBALL A. RASH, as Trustee of the THE KIMBALL A. AND THERESA A. KIMBALL A. RASH, individually, Plaintiffs, vs. DHM ENTERPRISES, INC., MARDEN, LLC, DENNIS E. WILBERT, and MARY J. WILBERT Defendants. | Case No. _____ |

## COMPLAINT

COMES now plaintiffs, Kimball A. Rash, individually, and as Trustee of The Kimball A. and Theresa A. Rash Living Trust (collectively, "Plaintiffs"), by and through undersigned counsel, and for its cause of action would state as follows:

### JURISDICTION AND VENUE

1. Kimball A. Rash ("Rash") is a citizen of the state of Kentucky, residing at 1617 East Mt. Zion Road, Crestwood, Kentucky, 70014.

2. The Kimball A. and Theresa A. Rash Living Trust ("Trust") is a Living Trust duly formed and existing under the laws of the Commonwealth of Kentucky.

3. Defendant, DHM Enterprises, Inc. ("DHM"), is a Tennessee corporation with its principal office located at 440 Arlon Webb Drive, Celina, TN 38551, and may be served with process upon its registered agent, Dennis Wilbert, 440 Arlon Webb Drive, Celina, TN 38551.

1

4. Defendant, Marden, LLC ("Marden"), is a Tennessee limited liability company with its principal office located at 440 Arlon Webb Drive, Celina, TN 38551, and may be served with process upon its registered agent, Dennis Wilbert, 440 Arlon Webb Drive, Celina, TN 38551.

5. Defendant, Dennis E. Wilbert ("Mr. Wilbert"), is a citizen and resident of Clay County, Tennessee, and resides at 440 Arlon Webb Drive, Celina, TN 38551.

6. Defendant, Mary J. Wilbert ("Mrs. Wilbert"), is a citizen and resident of Clay County, Tennessee, and resides at 440 Arlon Webb Drive, Celina, TN 38551.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court as the acts occurred in Clay and Putnam County, Tennessee, which are in the Northeastern Division of the Middle District of Tennessee.

## ALLEGATIONS

9. On or about May 2, 2014, Plaintiff loaned DHM, Marden, Mr. Wilbert and Mrs. Wilbert (collectively, "Defendants") $1,872,105, for the business operations of Dale Hollow Marina, to be repaid by July 25th, 2016 ("Agreement and Promissory Note"). Exhibit A.

10. Defendants failed to pay pursuant to the terms of the Agreement and Promissory Note.

11. Upon default, the interest rate of the Agreement and Promissory Note became 14%.

12. As of February 28, 2023, Defendants owed the Trust $2,666,620 under the Agreement and Promissory Note. The calculated interest spreadsheet is attached as Exhibit B.

13. In addition to said funds owed to Defendant, the Agreement and Promissory Note also require Defendants to make annual payments to Rash of $67,500 for twenty (20) years

2

Case 2:23-cv-00043   Document 1   Filed 07/24/23   Page 2 of 5 PageID #: 2

beginning in October of 2014, adjusted annually based on the Consumer Price Index for Urban Wage Earners and Clerical Workers.

14. Defendants have failed to pay Rash said annual payments as required by the Agreement and Promissory Note. The total amount owed and in default regarding their annual payments is $839,334.00 as of February 28, 2023. The calculation of these fees is attached as Exhibit C.

15. Additionally, pursuant to the Agreement and Promissory Note, the Defendants agreed to pay and owe Plaintiff one-half (1/2) of the value of the Dale Hollow Marina, which is currently estimated to be $3,500,000, leaving an additional indebtedness of $1,750,000 which Defendants owe to Plaintiff when part and/or all of the marina is sold on/or October 1st, 2034, whichever comes earlier.

16. Defendants also owe the Trust an additional $271,265.15 for additional expenses that Plaintiffs advanced and paid to third parties from the budget of and on behalf of Defendants for the construction and operation of the marina.

17. Separately, on or about March 28, 2013, Rash and Defendant Mr. Wilbert executed "Promissory Note #2", which reflets a $53,000 loan repayable by Dennis, Mrs. Wilbert, and Marden ("Wilbert Defendants"). <u>Exhibit D</u>.

18. Promissory Note #2 was payable on or before September 1st, 2013, incurring 12% interest from March 28th, 2013.

19. The Wilbert Defendants defaulted on Promissory Note #2 and owe Rash $163,193.37. The calculated interest spreadsheet is attached as Exhibit E.

20. Defendants therefore owe the Trust $2,937,885.15.

21. Defendants therefore owe Rash $834,444.

3

Case 2:23-cv-00043   Document 1   Filed 07/24/23   Page 3 of 5 PageID #: 3

22. The Wilbert Defendants owe Rash $163,193.37.

23. In the event of default, the Agreement and Promissory Notes provides the Trust with multiple, non-exclusive remedies including acceleration of all amounts owed as well as the right of the Trust to institute legal action to recover from the Defendants the sum of all unpaid and accelerated payments, all costs and attorney's fees, and any other remedies provided by law.

24. Defendants defaulted on the Agreement and Promissory Note and the Wilbert Defendants defaulted on Promissory Note #2.

25. Though the Defendants have made certain payments and despite the Trust's and Rash's repeated demands to cure the multiple defaults, Defendants and the Wilbert Defendants failed pay the amounts due and failed to cure the breach of the Agreement and Promissory Note and Promissory Note #2.

26. Defendants' failure to pay the Trust pursuant to the Agreement and Promissory Note constitutes breach of contract, entitling the Trust to judgment for the outstanding balance in full, $2,937,885.15, plus any other amounts owed under the Agreement and Promissory Note, including, but not limited to, the principal plus interest, costs, and reasonable attorneys' fees.

27. Defendants' failure to pay Rash pursuant to the Agreement and Promissory Note constitutes breach of contract, thus entitling Rash to judgment for the outstanding balance in full, $834,334.00, as well as any other remedies available at law.

28. The Wilbert Defendants' failure to pay Rash pursuant to Promissory Note #2 constitutes breach of contract, thus entitling Rash to judgment for the outstanding balance in full, $163,193.37, as well as any other remedies available at law.

29. The Trust and Rash have suffered and continue to suffer damages as a result of the breach of contract by Defendants and the Wilbert Defendants.

**PREMISES CONSIDERED**, the Trust and Rash pray that:

1. Process issue and be served upon Defendants requiring that they appear and answer this Complaint as required by law.

2. The Trust be awarded a judgment in its favor against the Defendants, jointly and severally, in the principal amount of $2,937,885.15, plus any other amounts owed under the Agreement and Promissory Note, including, but not limited to, the principal plus interest, costs, and reasonable attorneys' fees.

3. Rash be awarded a judgment in his favor against Defendants for $834,334.00, as well as any other remedies available at law.

4. Rash be awarded a judgment in his favor against the Wilbert Defendants for $163,193.37, as well as any other remedies available at law.

5. The costs of this action be taxed to Defendants.

6. The Trust and Rash have such other relief as to which it may be entitled.

Respectfully submitted,

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**

BY: _____
L. Gino Marchetti, Jr., BPR No. 005562
Charles S. Michels, BPR No. 031232
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
(615) 320-3244 fax
gmarchetti@tpmblaw.com
cmichels@tpmblaw.com
*Counsel for Plaintiffs*