# IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

| | |
|---|---|
| **KIMBALL A. RASH**, as Trustee of the **THE KIMBALL A. AND THERESA A. RASH LIVING TRUST**, and **KIMBALL A. RASH**, individually,<br>    Plaintiffs,<br><br>vs.<br><br>**DHM ENTERPRISES, INC., MARDEN, LLC, DENNIS E. WILBERT,** and **MARY J. WILBERT**<br><br>    Defendants. | Case No. 2:23-CV-00043 |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE

Kimball A. Rash, as Trustee of the Kimball A. And Theresa A. Rash Living Trust, and Kimball A. Rash, individually ("Plaintiffs") hereby request this Court strike certain portions of DHM Enterprises, Inc., Marden, LLC, Dennis Wilbert, and Mary Wilbert's (collectively, "Defendants") Answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Affirmative Defense 5, the statute of limitations as to the Agreement and Promissory Note, as well as Affirmative Defenses 2 and 10, are insufficient in that the Agreement and Promissory Note attached to the Complaint are governed by Kentucky law.

## FACTS

Plaintiffs filed their Complaint against Defendants on July 24th, 2023, alleging a breach of an Agreement and Promissory Note and Promissory Note #2, as well as other monies loaned to Defendants, seeking no less than $3,935,412.52. Doc. 1, PageID #2-3, ¶¶ 9, 16, 17. The Agreement and Promissory Note, signed on May 2nd, 2014, is governed by Kentucky law, without regard to

Kentucky's choice of law provisions. Doc. 1-1, PageId #13, 17. Per the Agreement the Rash Living Trust accepted the Agreement in Kentucky. Doc. 1-1, PageID #13. The Rash Living Trust's address is identified in the Agreement as 1617 East Zion Road, Crestwood, Kentucky, 40014. Doc 1-1, PageID # 7.

Defendants filed their Answer on October 11, 2023. Doc. 22, Page ID #137. Defendants allege that the Agreement and Promissory Note is subject to Tennessee's statute of frauds, Tennessee's statute of limitations for contracts, and Tennessee's statutory unconscionability provision. Doc. 22, Page ID #145, 147, 148.

## ARGUMENT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a pleading any insufficient defense. Courts have discretion in determining whether to grant a motion to strike, however the "… action of striking a pleading should be used sparingly by the courts." Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC, No. 12-2268 A/P, 2012 WL 12909869, at *2 (W.D. Tenn. June 1, 2012) *citations omitted*. When the statute of limitations is raised as a defense a court may strike the defense when the defense is invalid as a matter of law. Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC, 186 F. Supp. 3d 1370, 1380 (N.D. Ga. 2016).

In Affirmative Defense 5, Defendants assert that Tennessee's six-year statute of limitations for breach of contract actions applies to the Agreement and Promissory Note. Doc. 22, Page ID #147. However, the Agreement and Promissory Note contains an unchallenged choice of law clause, designating Kentucky law as governing the Agreement. Doc 1-1, PageID #13. Kentucky applies a fifteen-year statute of limitations for contracts entered into prior to July 15th, 2014. Ky. Rev. Stat. Ann. § 413.090(2).

Tennessee applies the parties' choice of law unless the chosen state has no substantial relationship to the parties or there is no reasonable basis for their choice. Goodwin Bros. Leasing v. H & B Inc., 597 S.W.2d 303, 307 (Tenn. 1980). *See* Lunt v. Frost Shades Franchising, LLC, No. 3:22-CV-00775, 2023 WL 3484202, at *7 (M.D. Tenn. May 16, 2023) (finding that the residence of the defendant was sufficient to show a material connection to New Jersey.) Given that there is no basis set forth in the Answer to rescind this choice of law clause (presuming the Promissory Note and Agreement is valid) Plaintiffs' Complaint clearly complies with Kentucky's fifteen-year statute of limitations as the contract was signed on May 2nd, 2014, and any breach necessarily occurred after that date. Doc. 1-1, PageId # 17. Clearly May 2nd, 2014, is less than fifteen years from July 24th, 2023.

Further, given that Kentucky law applies to this dispute, Affirmative Defenses 2 and 10 should also be struck, to the extent the defenses are asserted against the Agreement and Promissory Note and rely upon Tennessee statutory law. *See* Doc. 22, PageID # 145, 148.

Therefore, and for the reasons set forth herein, Plaintiffs respectfully request that Defendants' Affirmative Defenses 2, 5 and 10 be struck. The Agreement and Promissory Note contains a valid choice of law clause and Affirmative Defenses 2, 5, and 10 rely solely on Tennessee statutory law and, at least for Affirmative Defense 5, any amendment is futile.

Respectfully submitted,

TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC

BY: <u>    s/Charles Michels         </u>
L. Gino Marchetti, Jr., BPR #005562
Charles Michels, BPR# 031232
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
gmarchetti@tpmblaw.com
cmichels@tpmblaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing document has been sent on this 1st day of November 2023, via email to:

William Birdwell
457 E. Broad St.
Cookeville, TN 38501
william@wdbirdwell.com

<u>s/Charles Michels         </u>
Charles Michels